You may proceed when you're ready. Thank you, Your Honor. Your Honors, may it please the court and counsel, my name is Peter Zuger and I am the attorney for the appellants in this case, a group of landowners from Morton County, North Dakota. I reserved three minutes of my time for rebuttal. Your Honors, we're here today to discuss a special and unique statute in North Dakota that the legislature enacted in the 1970s to prohibit conduct that had not previously been addressed in North Dakota. When the legislature enacted the unfair tactics statute, landowners at the time already had a fraud claim available to them if they wanted to pursue it. Fraud has been reason for this statute to be enacted if the statute already covered something that had already been covered under North Dakota law. The unfair tactics statute is a broad statute and it covers many acts that are prohibited other than just fraud. In this case, Dakota Access contacted the Morton County landowners to get easements for their pipeline. There was a number of representations that Dakota Access made in negotiating the easements. They included the fact that $216 per rod would be the best price ever offered, that other landowners would never receive a better price, that the Morton County landowners would lose a signing bonus if they didn't sign, that, to some, that the land would be taken by eminent domain if they didn't sign and they received basically nothing. To others, the representation was that the pipeline would simply be moved. The complaint alleges that all these allegations were false and the true under the standard for reviewing the court's decision to grant judgment on the pleadings. Now, the statute in this particular case says and prohibits a litany of actions. One of those is fraud, but the statute says that any unfair tactic, any intimidation, any harassment cannot occur and is not allowed in North Dakota statute can look at the purpose for which the statute was enacted and the reasons for the statute in interpreting it and the purpose for which this statute was enacted can be looked at by looking at the legislative history of the statute. Council, before you get there, I want to go back to your your statement about all the other things that are that are prohibited. You you have a litany of allegations, tons of allegations, dealing with fraud and but my understanding of the other allegations, unfair competition, harassment, there's less specificity as to those allegations. Am I wrong about that? Less specificity would be required to meet the standard under the statute. I agree with you, but when you go when you go to that when you go to the I guess what I'm really getting at is when you get to the complaint itself, all it does from what I can see is repeat the language of the statute. In other words, I don't see any specific allegations other than the fraud allegations, maybe negligent misrepresentation that specifically show harassment, that show that people were at their door or bothering them to make the deal or some sort of other unfair practice. I don't see those allegations. I see a bunch of fraud allegations that are trying to pigeonhole into those other those other categories. And I would disagree with that, your honor, and this is the reason why if you look at count one in the complaint, it's no accident that the first count was the unfair tactics claim because that's the broadest claim. It talks about a litany of communications that Dakota Access had with the Morton County landowners. It included the fact that Dakota Access falsely and deceptively told the Morton County landowners that their land would be condemned, falsely and deceptively told the Morton County landowners that $216 per rod was the best price that includes with the fact that those allegations that those acts were intimidating, harassing or unfair. But the problem with that is you have to look at this. I think you have to look at least in the federal system and I think this is true in many states as well as you have to look at the substance of the cause of action and a lot of what you just cited to me are allegations of fraud that lead you or could lead you to believe that there was unfair practices happening here. And I'm not so sure that those get out outside of rule 9 or pleading with particularity. Well sure your honor and the reason that they're not allegations of fraud is because there is nowhere within count one of the complaint under the unfair tactics claim that there's an allegation of intent that that doesn't exist. They simply cannot be and I'll admit that intent wasn't pled anywhere which would have had to have occurred for a fraud claim. So if we look for example the Vest case cited by Dakota Access out of California. The court there talked about the same thing that exists in North Dakota. There has to be fraudulent intent and the court went on to say that if there was a negligent representation or an innocent misrepresentation that wouldn't fall within the fraud statutes. Two response to that one is those you can infer potentially intent from the statements themselves and maybe you disagree with that but then if you get to negligent misrepresentation there's there's a bifurcation in the law from what I can see between contract-based and tort based negligent misrepresentation. The contract-based misrepresentations I think would be barred by the integration clause because they'd be contract-based and and I think the district court recognized that. The tort-based ones are subject to a heightened particularity pleading at least at least under state law and so I think you're kind of you're kind of between a rock and a hard place there because if you go the contract route you lose because of the integration agreement the integration clause if you go the tort-based route then you got to plead with particularity. Well not under our statute because if the integration clause barred any parole evidence whatsoever there'd be no purpose for the statute because in North Dakota to have an easement there has to be a contract right the statute of frauds forbids an easement from being granted if it's not in writing and our statute specifically carves out an exception that allows landowners to challenge the validity of an easement based on unfair tactics and it's not just a misrepresentation it's much much more broad than that to bar any unfair tactic and in particularly the district court in our case determined this was a fraud based statute besides the language of the statute that goes well beyond fraud what's really interesting in the statute there's two procedural requirements built right into it one is that it says to bring a claim a landowner only has to allege allege an unfair tactic it doesn't say specifically allege it does not say allege with particularity it says allege an unfair tactic now in combination with that there's a different procedural requirement that five landowners are required to bring a claim it would make no sense for the legislature to have required this statute to be a fraud based claim when one landowner could previously bring a claim for fraud the legislature did not enact this statute to make it five times more difficult for a landowner to bring a claim than it was already to bring a claim before now as I already touched on as well there is no mental element not only within the statute but not within my claim this court has said the Circuit Court of Appeals has said in the United States Supreme Court has said as well that if there is no mental element within a fraud claim there has to be a mental element the claims in this case do not allege any scienter at all no intent to defraud there is nothing at all alleged about intent there's no intent to intimidate no intent to harass no intent to engage in an unfair tactic multiple other jurisdictions which I've cited in in my brief have indicated that their unfair practices act statutes which are slightly different than ours ours is unique but they've said that an unfair practice does not constitute fraud it's different than fraud and our claims are different than fraud in this well our claims allege multiple instances of Dakota access not intentionally but just approaching North Dakota landowners the Morton County landowners and indicating that they were going to get the best price with the offer that was being offered that neighbors of theirs would not receive a better price what about the other hold the other conclusion that the alleged misrepresentations were puffery and that they were not actionable as a result well that depends on whether it's a fraud claim or not a fraud claim because in North Dakota statements of puffery or opinion don't constitute fraud but the question under our statute is whether statements are unfair and whether a statement is puffery or not puffery or unfair or not unfair is really something that's a question of fact it can't be resolved based on emotion for judgment on the pleadings it's for the trier of fact to determine whether the actions engaged of in their multiple actions that have been listed are unfair or not or are intimidating or not or are harassing or not but most broadly speaking the statute just generally prohibits a broad array of of actions when it says you know landowner or a utility company cannot engage in really is a question of fact that has to be resolved by the trier of fact as to whether the statements and actions in this case were unfair and really those statements that Dakota access made through its agents were the exact type of statements that North Dakota farmers in the 70s complained of and we know that from the legislative history the farmers in the 1970s complained that they were threatened with eminent domain that happened here in this case they complained that they were told their their neighbors were not going to see receive a better price only to find that the neighbors got double the price well in this case the Morton County landowners were told they were getting the best price to find out their neighbors got triple or can twit quintuple the price that that they were told they were going to get since the statutes been passed no case law on it at all has it ever ever been used or discussed by the court no your honor and it was new to me when I found out about this case as well it's it's a unique statute I believe there's one citation that I have and in my brief or it was it was almost cited in dicta really more than anything I don't think the case had where they cited it where the North Dakota Supreme Court cited this statute had anything to do with the particular statute so so what you've argued as the purpose behind passing this statute where does that come from and how can we use that if at all well the purpose of the statute comes from we know that the reason the statute became enacted is because North Dakota landowners complained of certain actions and if you look to the few pages that I did include of the legislative history the opposition to the statute statute only wanted this statute if it was just a fraud statute that's that's the source of your argument there is the legislative history that you correct not only the legislative history though your honor also the fact that the statute itself says an allegation is all that's needed it doesn't say a specific or particular and the statute requires has its own procedural hurdle of five landowners and it just it just doesn't make any sense it'd be an absurd result for five landowners to now have to bring a fraud claim after they asked the legislature for certain protections your reserve the rest of my time for rebuttal thank you may it please the court counsel I'm Amy Miller from Buchanan Ingersoll on behalf of the Appley Dakota access and also with me today is Martin Adamson my co counsel the district court did not find that the North Dakota statute as a whole sounded in fraud it found that the specific allegations in this case sound and fraud and I think that's a very important distinction for the arguments today with the district court observed is that the allegations supporting the statutory claim in count one also form the basis for the fraud claims and counts two and three all of these allegations across each of the counts say the landowners were induced into signing agreements because of certain false statements that were made to them and there are only three false statements at issue here and they are common to all three of the counts the statutory claim and the two fraud claims in the statutory claim in count one the first statement in paragraph 48 is that the landowners were falsely told that they would receive a certain price as the best price that they would ever receive paragraph 49 says the landowners were falsely and deceptively told if they did not sign their land would be taken by eminent domain and the third and final statement is in paragraph 50 which says the landowners were quote falsely told that if they did not sign the pipeline would be moved to different land these same alleged statements form the basis of the fraud claims in count two and count three and that was the point of the district court that these formed collectively a uniformed a unified course of fraudulent conduct that's common to all the claims and sound and fraud the point there some allegations they're very general but aren't there other allegations that fall within the statute but are not fraud related allegations and I'm thinking about well paragraph 52 Eric says persons acting on behalf of Dakota access harassed threatened and intimidated correct what the streambed court said in in in this in this court and as well as this if you strip away the insufficiently fraud insufficiently pled fraud claims and look at what is left that is exactly what you have left paragraph 52 which is a general allegation as to harassment threats intimidation with no supporting facts whatsoever and that allegation certainly would not pass muster under standards of Twombly nor would it pass muster under this court with the the months in versus drug the DEA case from 2009 where this court said a court is free to ignore legal conclusions unsupported conclusions unwarranted inferences and sweeping legal conclusions so did the district did the district court deal with those with with what's left as you say in paragraph 52 in its in its order the the the district court found that the the bulk of the allegations did not meet heightened pleadings to the extent that they alleged fraud I believe that any remaining allocations were conclusory and there was a statement to that effect I can locate that in the order but I cannot recall specifically at this the court dismissed the claims not only based on rule nine but also on the question is this dismissal with or without prejudice the dismissal is with prejudice there's a presumption that the dismissal is with prejudice unless the court specifies otherwise and this was confirmed by the circuit in or be be in 2012 and in this particular case appellants have already amended their complaint once they had ample opportunity to develop and flesh out their claims and it is within the district's courts discretion to dismiss a complaint with or without prejudice such an exercise of discretion shouldn't be a disturbed absent an abusive description it's it's significant in this case too that the landowners did not ask for leave to amend at the district court level there was no denial of a motion for leave to amend that is being appealed here so we would submit that there is they should not be granted leave here on appeal and this is also consistent on judge Shepard's point and I heard you talk about the other eight circuit case but not this one I didn't see in your brief or maybe even in the lower court order and this might have been part of your response to judge Shepard I didn't hear I didn't see any argument that the remaining allegations my colloquy with opposing counsel unfair competition harassment threats I tend to agree with you that they're conclusory and probably don't survive Twombly but I don't see that argument in your brief and I didn't see that argument necessarily made in the district court order and so I'm wondering if that arguments being made for the first time today it's not being made for the first time today it was certainly made in the motion for judgment on the pleadings that was also addressed in a footnote in the appellee response brief okay and where the paragraph 52 is addressed as conclusory and I can certainly find that site for you but I am confident that that is is not being argued for the first time okay okay you think it's a footnote and we can find that I do yes thank you I think the streambed court made the point that there are three important policy reasons for requiring heightened pleading for not only fraud claims but also those associated claims with fraud and certainly those policy reasons support the heightened pleading for for all of the allegations in count one those policy reasons include number one that it deters using complaints that have inflammatory allegations and yet are ambiguous to try to leverage settlements second heightened pleading protects against damage to professional reputations resulting from allegations of moral turpitude like dishonesty and third pleading with particularity ensures that the defendant has sufficient notice of the allegations against it so that it can prepare an effective defense requirement here under this particular statute it seems to me that the case the cases talk about it the intent to defraud is an element is that what we're dealing here with here or are we in fact dealing with a different type of statute in North Dakota the statute in North Dakota list examples which for the most part under North Dakota law do require intent however we would submit that the relevant question is whether the allegations have intent and we would point to allegation number 44 in which the plaintiffs do not use the word intent but make clear that all of these allegations in this conclusion paragraph were designed to induce the landowners into signing agreements I would also point out that the 8th circuit and stream bend in part relying on the benchmark case from the 5th have said that rule 9b applies where fraud and negligent misrepresentation claims are pled together that is another situation where you have a unified course of conduct that are with fraud like claims it may be negligent rather than intent but still rule 9b would be would be required in that event and so we would say that in terms of counsel's point that if you don't plead with particularity certain claims that are fraud like then you basically eviscerate the policy reasons for having this requirement in the first place if the if the if a plaintiff were allowed to try for fraud but they don't get fraud use these same inflammatory allegations to make something of an unfair claim then you have these same policy problems that were proposed by this court you have professional reputations damaged both corporate and personal you potentially have a defendant such as Dakota access who doesn't have proper notice of charges in front of it it is very telling that in this case there are 21 plaintiffs and there are many many right-of-way agents who act on behalf of Dakota access as their representative and not one single name is mentioned the who in terms of who said what to whom is not addressed at all in this complaint the defendant just didn't have notice of the charges in front of it there was also missing the when there there's no specificity as to when these statements were made or or even how whether they were by email or telephone or in person we just don't know all of these circumstances are missing and it disadvantage and again undermines the policy reasons for requiring heightened pleading pleading with particularity in these types of inflammatory accusations which are alleging dishonesty we would also point out that the legislative history of the statute does not support general or does not prohibit negotiating tactics generally the examples that are given in the legislative history are very different from the ones here the examples given were for example a representative showed a landowner a forged signature of another landowner to try to convince that landowner to sign because another landowner his neighbor had already signed that is a misrepresentation of a past or present material fact here we're not dealing with anything like that or we're not dealing with as the district pointed out for the most parts statements that implicate future events the district court pointed out in the order the repeated use of the word would for example showing that the representations referred to events that might happen in the future one of the cases that we cited Kiesler versus natural gas pipeline this was a federal case out of Texas where the federal court looked at precisely the same type of statement there the statement basically that this offer is non-negotiable when in fact it turned out to be and there was a possibility to get more the court in that case said this is a basic negotiating tactic and plaintiffs were free to make a counter offer the point is that the statement may well have been true or believed to have been true at the time that it was made the context of all of these statements is very important especially in the pipeline industry when the right-of-way agents are dispatched by Dakota Access it is many many months and sometimes years before the pipeline project actually comes to fruition and these right-of-way agents are charged with negotiating and talking with the landowners about securing an easement with the best information that they have at that time but at that time contracts may not have been signed that certainly construction has not even started and as things develop circumstances may change and yes the negotiations may change but there is nothing in these statements that have been alleged to suggest that the right-of-way agents didn't understand or believe that the statements were correct at the time that they were made that's it was what was alleged I'm certainly providing a background context that is helpful it is certainly factual but the way these con alleged statements are pled are you every single one of them uses the word would and that's sufficient to say no that's that's supportive of how the district court described it as either puffery or that was that was certainly part of the point of the opinion in that these types of statements are dealers talk sales talk puffery but the other part of the district court's opinion was that they were severely lacking in specificity and particularity again the who and what and the types of statements that are being alleged on the puffery point it seems to me that puffery is you know we have we have the best item and you know on this particular whatever we have that we sell the best the best air conditioner we sell the best you know the most efficient air conditioner that's puffery it seems to me like this is a lot more specific it's you need to act now or else you're gonna get you're gonna get the property taken away through eminent domain and perhaps receive nothing or you know the price is going to go way down because you're no longer can get your bonus those seem to me to be a little too specific to constitute puffery so I wonder whether that aspect of the lower court decision might be wrong well there's puffery and there's also dealers talk and they're also what it called just classic negotiating tactics as the the federal court in Texas pointed out when you say is non-negotiable at that point in time in in terms of the mindset it's non-negotiable but circumstances may change things may develop in the future that may warrant a different offer but it was interesting the Keesley court pointed out that if you're told a landowner is told that an offer is non-negotiable a landowner is always free to make a counter offer a landowner is always free to do their own investigation to determine what is fair a landowner is also free to get the assistance of an attorney all of that said the statement may well have been true at the time that it was made and there's nothing suggesting that it wasn't true at the time that it was made nor is that even alleged in the complaint sorry are you saying you can in this situation the the agents here they can make they could make statements that really there aren't factually true but they're non-fraudulent there's nothing to suggest that they weren't factually true at the time so I'm I'm not advocating that that that you can make a false statement and and and not necessarily be actionable for fraud well I'm just wondering if that was the reason for the North Dakota statute to to clearly state in this type of transaction involving landowners and acquisition of the easements like this that the intent of the legislature was to put those things that we might call dealer talk or negotiating tactics put those out of bounds it was particular area respectfully the the the statute is not duplicative of the the fraud laws there are certainly some overlap but the point of the the statute is to provide additional remedies and penalties for these types of conduct in the easement conduct context for example a copy of a court order may need to be served on the Commission so that they're also aware of it the the fact that the the statute is fair does suggest that there are examples of non-fraudulent conduct that could be invoked to get a claim under the statute the district court was pointing out that those allegations simply were not pled they were they were pled as to fraud and then the remaining allegation was simply conclusory and label labeled as with with just the the words repeated here but it's also very telling that in terms of the general harassment and threat allegations it simply points back to the statements the statements are what it are the basis for the the general harassment and threats according to paragraph 44 that's one more question to get back at your point with just Shepard was how do you how do you plead the fact that these were not true at the time I mean I understand there's a way you can do it but I'm wondering how you could possibly do it here so you could say well down the road my neighbors getting way more money and so you know therefore they knew it was wrong at the time to tell me that's all I could get but absent that how do you how do you plead that how do you plead that that they knew at the time I mean you're saying that that's why they should lose but why how can you plead that at the time of how can you how can you know what they were thinking at the time because that's in their head so how do you plead that well part of the particular particularity requirement is to plead the who what and when I agree and so the dates or even approximate dates of when these statements were made is incredibly important because it will show what facts had developed by that point so it's not it's not the it's not the fact they need to plead what was in the particular people who made the those people were and when they made them exactly okay now I understand your exactly thank you thank you thank you very much you have two minutes and 42 seconds thank you your honor a statement can be false and not fraudulent I've alleged numerous false statements but I didn't allege a fraudulent intent in the complaint with any of them so the might not be fraudulent and we know that from the nation's markets which is an 8th Circuit case where the court indicated that misleading statements so false statements that are misleading without intent to defraud are not fraudulent statements and that's what we have here we have statements that were false and the question is not whether they were fraudulent but whether they were unfair because the North Dakota statute doesn't allow for any unfair tactic counsel I want to just ask you I referenced in our early earlier conversation about the difference between contract based and tort based negligent misrepresentations and that the case I think that comes from is a case called Kahler versus Kramer are you familiar with that case is it a North Dakota it is a North Dakota case yeah no that's fair and and that's where they say that they basically say for pleading purposes under their state law that the contract-based claims are or are done under North Dakota's rule 8a and the tort based claims negligent misrepresentation are done under under 9b and strangely enough in our case is not necessarily from North Dakota but the 8th Circuit cases suggest that we looked at state law even though it's a matter of procedure we looked at the state law at how they characterize their claims and what do they require whether the states require pleading with particularity and so I wonder whether that again I've now that I'm giving you more specificity undermines your claim here that these should not have been split pleaded with specificity sure and I think the statute your honor talks about misrepresentation it's not talking about the cause of action of negligent or intentional it's talking about the simple act of a misrepresentation being made it also uses the word deceptive not deceit which is a separate tort but the word deception so it prohibits a utility from engaging in a false act not one that gives rise to a negligent misrepresentation claim but just the fact that the act is false and it and of course as I keep repeating myself it goes on to have the catch-all that no unfair tactics are allowed the district court really did rely on the fact that this statute was a fraud based statute underlined the word fraud in the statute in its opinion and didn't analyze any of the other elements that are possible in this claim the claim that the Morton is many unfair tactics they allege false statements it doesn't say false in the future it says false period this court can look at those and make a reasonable inference from those your honors we request that this court reverse the district courts decision and remand this case thank you all right thank you counsel for